IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY LOPEZ RUFFINS, #1192244 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv201 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy Lopez Ruffins, an inmate confined in the Texas prison system, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Collin County conviction for aggravated sexual assault of a child, Cause Number 296-8009103. On August 27, 2003, a jury found him guilty and sentenced him to twenty-five years' confinement. The Fifth Court of Appeals affirmed his conviction on June 23, 2004. *Ruffins v. State*, No. 05-03-01448-CR (Tex. App.–Dallas, pet. ref'd). After receiving permission to file an out-of-time petition for discretionary review (PDR), the Court of Criminal Appeals refused the PDR on January 23, 2008. *Ruffins v. State*, PDR No. 1698-07. Petitioner filed two 11.07 applications for writs of habeas corpus in state court, which the Court of Criminal Appeals dismissed on August 22, 2007 and August 20, 2008, respectively.

In the present petition for writ of habeas corpus, Petitioner claims he is entitled to relief based on numerous instances of ineffective assistance of counsel at trial and on appeal, trial court error, and because he is actually innocent. The Government filed a Response, asserting that Petitioner's issues are without merit. Petitioner did not file a Reply.

1

Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

Facts of the Case

The Fifth Court of Appeals' opinion sets out the relevant facts of the case:

Appellant is the uncle of the victim, R.J., who was six years old and in the first grade at the time of the offense. R.J. was spending the night at her grandmother's apartment when, according to R.J., she was sexually assaulted by her uncle, the appellant. She was awake on a pallet in the downstairs living room of her grandmother's two-story apartment, her brother was asleep on the couch near her downstairs, and her grandmother was asleep upstairs. Appellant, who lived with R.J.'s grandmother, came home late, had been drinking, went into the downstairs kitchen next to the living room and continued to drink from a brown beer bottle. After putting the bottle down, he stumbled into the living room, lay down by R.J. and got under the covers with her. He pulled up his shirt, unzipped his pants, pulled down R.J.'s underwear, and got on top of her. R.J. felt appellant's hard "private part" in her private part and it "hurt." *See* FN 3. Appellant "moved up and down" on her and kissed and sucked on her neck during the sexual assault. R.J. screamed for help, but to no avail, even though her brother was asleep nearby. Appellant put his hand over R.J.'s mouth and told her to shut up. Afterwards, appellant left. R.J. did not tell anyone that night about the sexual assault. The next morning when her mother came to pick up R.J. she noticed what appeared to be a red rash around R.J.'s neck. It had not been there the day before. When asked by her mother what caused the rash, R.J. shrugged and said she did not know. Her grandmother also said she did not know what caused the rash.

R.J.'s mother ultimately learned what had occurred and questioned R.J. and R.J.'s grandmother about it. *See* FN 4. She also confronted appellant, who denied the events occurred. R.J.'s mother did not call the police because R.J.'s grandfather told her he would investigate the matter; however, she did not think he ever did anything about it. The matter simply was not discussed within the family for some two years. R.J. thought everyone had forgotten about it.

Some two years later, R.J. confided in another friend. That friend told another of her friends who eventually told R.J.'s teacher. Child Protective Services (CPS) was contacted, became involved and investigated the allegations. Their investigation included a physical examination of R.J. which showed no physical trauma. R.J.'s version of the facts to CPS was consistent with the version she had told her mother previously.

Both R.J.'s grandmother and grandfather testified at trial. Both testified that R.J. was lying and both denied the assault occurred. *See* FN 5. Their testimony conflicted, not only with each other's, but also with the testimony of other witnesses. R.J.'s grandmother testified that, even though she and her husband had separate residences, they never spent the night apart. R.J.'s grandfather testified that they often slept apart, sometimes for as long as a month; however, on the night of the alleged assault, he was at his wife's apartment. R.J.'s grandmother testified she was on the couch downstairs watching TV until 4:00 a.m. on the date in question, that appellant left for work that evening about ll:15 p.m. and did not come home until around 7:00 a.m. the next morning when his shift ended. She denied being asked by R.J.'s mother about a red rash on R.J.'s neck and also denied having a confrontation with R.J.'s mother and appellant. In short, she said R.J. and R.J.'s mother were lying.

The testimony of RJ's grandmother and grandfather was consistent about the time

4

appellant left for and returned from work and the fact that he, the grandfather, was in the apartment on the date in question. RJ's grandfather said he told RJ's mother, his daughter, to take RJ to the doctor, even though he contended RJ was lying about the sexual assault.

*Ruffins*, No. 05-03-01448-CR, slip op. at *2.

## Ineffective Assistance of Counsel at Trial

In several issues, Petitioner claims that his trial counsel was ineffective.

### Legal Standard

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

Failure to Call Certain Witnesses to Testify

Petitioner complains that counsel was ineffective for not calling certain witnesses to testify. [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Here, Petitioner claims that counsel was ineffective for not calling a medical expert to testify. However, Petitioner has not provided the name of a medical expert that was available and willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d at 1109-10. He also has not shown that the decision not to call a medical expert to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*,

775 F.2d at 602; *Murray*, 736 F.2d at 282. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to show prejudice.

Petitioner next claims that counsel was ineffective for failing to call character witnesses to testify, specifically, Denise Wilson, Vail Roberts, Jessica Stoff, and Elizabeth Romos. As before, Petitioner presents no evidence that these witnesses were willing and able to testify, and that their testimony would have been to Petitioner's benefit. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d at 1109-10. He has failed to meet his burden. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

Petitioner also asserts that counsel was ineffective for failing to call the victim's brother to testify. Again, he has failed to present evidence that the victim's brother was willing and able to testify, and that his testimony would have provided evidence favorable to him. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d at 1109-10.

Finally, Petitioner asserts that trial counsel was ineffective for preventing him from testifying on his own behalf. A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37 (1987). However, trial counsel's decision as to whether a defendant will testify is reviewed as part of counsel's trial strategy. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). In this case, Petitioner has not shown that he wished to testify and that counsel refused his request. He also has not shown that the decision not to call Petitioner to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S.

7

at 694, 104 S. Ct. at 2068. He has failed to show prejudice.

Failure to Investigate Case, Witnesses, and Prepare for Trial

Petitioner asserts that counsel was ineffective for failing to investigate his case and prepare him for trial. He is correct in his assertions that counsel has a duty to conduct a reasonable amount of pretrial investigation. *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Lockhart v. McCotter*, 782 F.2d 1275 (5th Cir. 1986). The duty includes seeking out and interviewing potential witnesses. *Id.* at 1282; *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). To succeed on the claim, however, Petitioner must show that had counsel investigated the claim he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.,* 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang*, 691 F.2d at 799.

Petitioner has presented no evidence that his trial counsel failed to sufficiently investigate his case or prepare him for trial. He also has presented no evidence as to how any uncalled witnesses would have testified. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. He has failed to state with specificity what any investigation of witnesses would have revealed or how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He has provided no specifics concerning this conclusory claim. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Failure to Adequately Cross-Examine Witness

Petitioner claims that trial counsel was ineffective for failing to adequately cross-examine the victim's mother. However, cross-examination of a witness is a matter of trial strategy. Petitioner has failed to overcome the presumption of reasonableness afforded to trial counsel as to the adequacy of cross-examination. He has failed to prove what evidence would have been revealed had counsel cross-examined the victim's mother differently. He has failed to show that further or different cross-examination would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He has provided no specifics concerning this conclusory claim. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Ineffective Assistance of Counsel on Appeal

Petitioner claims that he is entitled to relief based on appellate counsel's ineffectiveness.

Legal Standard

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have

prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

Alleged Conflict of Interest

Petitioner asserts that he was denied effective assistance of counsel on appeal because the same attorney represented him at trial, resulting in a conflict of interest. However, he has presented no meritorious ground for relief that his appellate attorney could have raised on direct appeal. *Hooks*, 480 F.2d at 1198. Furthermore, any issues concerning ineffective assistance of counsel are more appropriately brought in an application for writ of habeas corpus rather than by direct appeal. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). The reason for this is that the record on direct appeal concerning counsel's representation is often undeveloped. *Id*. Consequently, Petitioner's counsel would not be ineffective for not raising issues concerning ineffective assistance of counsel on direct appeal. He has failed to show that any claims would have prevailed on direct appeal since the CCA found no credible evidence in the record to support such ineffective assistance of counsel claims.

Alleged Denial of Opportunity to Timely File a PDR

Petitioner next claims that his appellate attorney was ineffective for failing to timely notify him of his right to file a PDR. The Fifth Circuit has concluded that the constitutionally secured right to counsel ends when the decision of the appellate court is entered. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). There, the court noted that Moore did not assert that his counsel was

10

ineffective in presenting his direct appeal – only that he was not notified of the outcome. *Id.* Likewise, Petitioner in this case asserts only that his appellate counsel did not timely notify him of the right to file a PDR. As in *Moore*, Petitioner had no constitutional right to counsel following the decision of the court of appeals; thus, he cannot complain of ineffective assistance of counsel. Furthermore, the Supreme Court determined that there is no right to counsel for discretionary reviews in state court. *Ross v. Moffitt*, 417 U.S. 600, 619, 94 S. Ct. 2437, 2448, 41 L. Ed.2d 341 (1974). While Texas law requires appellate counsel to notify the client that the appellate court has affirmed his conviction and inform the client that he as a right to file a *pro se* petition for discretionary review, this claim is not cognizable on federal corpus review – a federal habeas corpus does not function to review a state's interpretation of its own law. *Weeks*, 55 F.3d at 1063. Moreover, the CCA granted Petitioner's motion to file an out-of-time PDR. Consequently, Petitioner cannot show prejudice. He also has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Actual Innocence

Petitioner argues that he is actually innocent of aggravated sexual assault of a child. However, in *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court held that a claim of actual innocence does not state an independent, substantive constitutional claim and was not a basis for federal habeas corpus relief. However, it left open whether a truly persuasive actual innocence claim may establish a constitutional violation sufficient to state a claim for habeas relief. *Id.* at 417. The Fifth Circuit has rejected this possibility and held that claims of actual innocence are not cognizable on federal habeas review. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). A claim of actual innocence may not be a basis for federal habeas

11

corpus relief absent an independent federal constitutional violation. *Dowthitt*, 230 F.3d at 741. This Court is required to adhere to Fifth Circuit precedent, thus the actual innocence claim is not a cognizable federal habeas claim.

### Jury Instruction on Lesser-included Offense

Finally, Petitioner claims that the trial court erred in failing to include a jury instruction as to a lesser-included offense. However, the Fifth Circuit has consistently held that there is no constitutional right to an instruction on a lesser-included offense in a non-capital state trial. *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). A petitioner may not prevail in a federal habeas action simply by showing a violation of state law – they must show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial. *Lavernia*, 845 F.2d at 496. Petitioner has failed in this regard. He also has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

### Conclusion

Petitioner has failed to show that any of his ineffective assistance of counsel issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that

the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

Recommendation

It is therefore recommended that the petition be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 9th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE